FILED '07 JAN 29 11:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBIN CALLAWAY,                    )
                                   )
            Plaintiff,             )    Civil No. 06-1576-TC
                                   )
        v.                         )
                                   )
JO ANNE B. BARNHART,               )    FINDINGS AND RECOMMENDATION
Commissioner of Social             )
Security,                          )
                                   )
                                   )
            Defendant.             )
_____   )

COFFIN, Magistrate Judge.

        Before the court is defendant's motion to dismiss (#6).  For

the following reasons, the motion should be granted.

                            BACKGROUND

        Plaintiff seeks judicial review of the denial of a hearing

before an administrative law judge (ALJ) after her claim for social

security benefits was denied.  The record discloses the following

1 - FINDINGS AND RECOMMENDATION

procedural history.   Plaintiff filed a claim for disability insurance benefits and supplemental security income benefits on November 19, 2004.  The claim was initially denied on February 23, 2005, and then denied on reconsideration on July 11, 2005.  Ex. 1 to Ray Affidavit.  The notice of denial on reconsideration included notification that any request for rehearing must be filed within 60 days of receipt of the notice of determination.

Plaintiff did not request a hearing until May 11, 2006, 233 days after the notice of the denial of reconsideration had been mailed.  Ex. 2 to Ray Affidavit.  An ALJ dismissed the request for hearing on the bases that (1) plaintiff's request was not timely filed, and (2) plaintiff failed to demonstrate good cause for the late filing.  Ex. 3 to Ray Affidavit.  Plaintiff then filed a request for review, which the Appeals Council denied on September 8, 2006.  Ex. 4 to Ray Affidavit.  This civil action ensued.

Because plaintiff does not appeal a qualifying decision under 42 U.S.C. § 405, the court lacks subject matter jurisdiction to adjudicate plaintiff's claim.  Thus, defendant's motion should be granted.

ANALYSIS

42 U.S.C. § 405(g)-(h) governs the court's review in this matter.  Section 405(h), the exclusivity provision, provides that "[n]o findings of fact or decision" of the Commissioner "shall be reviewed . . . except as herein provided."  Section 405(g)

2 - FINDINGS AND RECOMMENDATION

describes the type of decision that is appealable: "after <u>any</u> <u>final decision of the Commissioner of Social Security made after a</u> <u>hearing</u>," a party "may obtain review . . . by a civil action commenced" within the time limitations set out in that section. 42 U.S.C. § 405(g) (emphasis added).

Social Security Administration regulations set forth the process for achieving a "final decision" that qualifies for judicial review. A claimant dissatisfied with the initial determination may request reconsideration. 20 C.F.R. §§ 404.902, 404.907, 416.1402, 416.1407. The claimant may then contest the determination on reconsideration by requesting a hearing before an ALJ, 20 C.F.R. §§ 404.929, 416.1429, and, if still aggrieved, may request review by the Appeals Council, 20 C.F.R. §§ 404.967, 416. 1467. The Appeals Council will then either (1) deny the request and allow the ALJ's decision to serve as a "final decision" of the Commissioner, or (2) grant the request and issue its own decision. 20 C.F.R. §§ 404.981, 416.1481.

In order to be appealable, the decision must also issue "after a hearing." <u>See</u> <u>Matos v. Secretary of Health, Ed. and Welfare</u>, 581 F.2d 282, 285 (1st Cir. 1978) (where claimant for disability benefits did not receive a hearing on one of several claims, there was no statutory basis for judicial review of Appeals Council's affirmance of hearing examiner's dismissal of claimant's request for hearing in connection with her third claim); <u>Hobby v. Hodges</u>,

215 F.2d 754, 757 (10ᵗʰ Cir. 1954) (explaining "a prior hearing is jurisdictional to a court action"); <u>Hines v. Weinberger</u>, 395 F.Supp. 1215, 1217 (D.C. Wyo. 1975) ("The reasonable interpretation of § 405(g) is that it was intended to apply to a final decision arrived at after a hearing convened and made mandatory by the request of a claimant for the same pursuant to § 405(b)[.]."); <u>see also</u> <u>Califano v. Sanders</u>, 430 U.S. 99, 108 (1977) (explaining that 42 U.S.C. § 405(g) "clearly limits judicial review to a particular type of agency action").[1] An ALJ's dismissal of a request for a hearing as time-barred memorializes a claimant's failure to achieve a hearing. Even if the claimant timely appeals the ALJ's dismissal to the Appeals' Council, the Commissioner's final decision does not issue "after a hearing" and is therefore not appealable under section 405(g).

Here, the record indicates that plaintiff does not present the court with a qualifying claim under section 405. Plaintiff successfully sought review of the denial of her claim and a determination on reconsideration. Ex. 1 to Ray Affidavit. However, she did not timely request a hearing before an ALJ. As the ALJ explained, plaintiff was apprised that "any request for a

---

[1]In certain cases, such as where the ALJ resolves a constitutional argument without a hearing, the action of the ALJ may be constitute a determination after a hearing under section 405(g). <u>See</u> <u>Wright v. Califano</u>, 603 F.2d 666 (7ᵗʰ Cir. 1979), <u>cert. denied</u>, 447 U.S. 911 (1980). Those circumstances are not present here.

hearing because of a disagreement with the determination must be filed within 60 days of the date of the notice of determination was received." Ex. 3 to Ray Affidavit; see 20 C.F.R. § 404.933(b). The notice is presumed to be received five days after the date of the notice, July 11, 2005, unless the plaintiff demonstrates otherwise. The record does not indicate that plaintiff demonstrated any delay in receipt. Plaintiff's 228-day delay exceeded the specified request period.

Upon a showing of good cause, an ALJ may extend the request period. 20 C.F.R. §§ 404.933, 404.957(c)(3). In this case, the ALJ explained that plaintiff was represented at the time the reconsideration was issued and had been able to comply with the filing deadline for the request for reconsideration. Those circumstances, according to the ALJ, weighed against any argument that plaintiff had good cause to excuse the late filing of her later request for a hearing. Ex. 3 to Ray Affidavit.

As a result, plaintiff did not obtain a hearing. Even though she appealed the ALJ's denial of the hearing to the Appeals Council, the Council's dismissal does not constitute a "final decision ... made after a hearing." The Appeals Council determination did nothing to change the fact that no hearing was conducted; indeed, its dismissal ensured that there would be no remand for a hearing before the ALJ. In sum, plaintiff does not appeal a qualifying determination.

CONCLUSION

Because plaintiff does not present a claim within this court's jurisdiction, defendant's motion to dismiss (#6) should be granted.

DATED this _29th_ day of ~~February~~ Jan, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION